IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1579-LTB

**BROOKS TERRELL-BEY**,

    Plaintiff,

v.

**K. CRANK**, Trust Fund Accountant; and
**MR. MEIER**; and
**MR. HAYNES**,

    Defendants.

---

# ORDER DISMISSING CASE

---

Plaintiff, Brooks Terrell-Bey, is a federal inmate currently in the custody of the Bureau of Prisons (BOP) at the United States Penitentiary, Florence High in Florence, Colorado. Acting *pro se*, he initiated this action by filing a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against three BOP employees challenging the conditions of his confinement.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id. Sua sponte* dismissal is proper when it is patently obvious that a plaintiff can not prevail on the facts alleged. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007);

*Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted); *McKinney v. State of Okla., Dept. of Human Servs., Shawnee, OK*, 925 F.2d 363, 365 (10th Cir. 1991); *Huxall v. First State Bank*, 842 F.2d 249, 249 n. 2 (10th Cir. 1988).

Plaintiff makes two claims in this action. First, he complains that prison authorities are misappropriating his trust fund and account in the way that the PLRA fees are being deducted from his account. Second, he complains that prison authorities have prevented him from opening an individual savings account in an outside financial institution. Plaintiff asserts that these actions have violated his rights as protected by the Due Process Clause.

On September 4, 2015, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to show cause why this lawsuit should not be dismissed as as repetitive of his previous action in *Terrell-Bey v. Krank, et al*, Civil Action No. 15-0668-LTB (D. Colo. May 4, 2015). For the reasons stated below, the Complaint and the action will be dismissed as barred by the doctrines of *res judicata* and collateral estoppel.

1. <u>*Res Judicata*</u>

The doctrine of claim preclusion, traditionally known as *res judicata*, "... generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Claim preclusion bars a plaintiff from asserting a cause of action that could have been raised and decided in a prior suit. *Res judicata* applies if: 1) there was a final judgment on the merits in the earlier action; 2) the parties are identical or in privity in both cases; 3) the cause of action is the same; and 4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

In *Terrell-Bey v. Krank, et al.*, No. 15-cv-0668-LTB (May 4, 2015), Mr. Terrell-Bey filed

a Prisoner Complaint complaining that prison authorities prevented him from opening an individual savings account in an outside financial institution. Second, he complained that prison authorities misappropriated his funds by taking twenty (20) percent of his monthly income for each of his five different civil actions for which he is required to pay fees under 28 U.S.C. § 19195(b). On May 4, 2015, the Court dismissed the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or 42 U.S.C.A. § 1997e. In this action, Civil No. 15-1579, he makes similar allegations seeking the same relief.

The first prong of *res judicata* is thus met: Plaintiff received a judgment on the merits in his previous claim. *See Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001) (*res judicata* barred relitigation of previous claims dismissed as frivolous).

Next, the parties in this action are identical or in privity to the parties in the first action. Terrell-Bey's first action sought relief against Defendants K. Crank, Trust Fund Accountant and Unit Manager Gomez. The complaint in this case names as Defendants K. Crank, Mr. Meier, Trust Fund Accountant, and Unit Manager Haynes. These Defendants, as government employees, are clearly in privity with the Defendants in the previous action. *United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government.") (internal quotations and citation omitted). In his Response to the Order to Show Cause, Plaintiff claims that claim preclusion should not apply because he requests that the Court substitute Defendant Mr. Crank with A.W. John as a Defendant. As stated above, however, Mr. John is in privity with the previous Defendants as well so this reason is without merit.

The third prong to apply *res judicata* also is met. The cause of action in both suits is the

same: alleged deprivation of rights under the Fifth and Fourteenth Amendments. The Court of Appeals for the Tenth Circuit uses the transactional approach to define a cause of action. *Nwosun*, 124 F.3d at 1257. Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. *Id*. The claims Plaintiff alleges in this action arise from the same occurrence (alleged incorrect accounting by BOP regarding his prison account record) as the claims he asserted previously. His assertion that he has been transferred to a different prison has no merit as he previously was at the Florence ADX and now is at the Florence High. Both of these institutions are at the Florence Federal Correctional Compound at Florence. Moreover, he knew, or should have known about his claim alleging Defendants are not leaving him ten dollars in his account as required by the PLRA statute before he filed his original action. He inquired about BOP's accounting procedures in February of 2015 and reveived a lengthy response from the Warden outlining BOP's accounting methods (ECF No. 5, at page 5). Thus, he was aware of this claim before he filed Civil Action No. 15-668, which he filed on March 31, 2015. Consequently, the Court finds that the third prong of applying *res judicata* has been met.

Finally, the fourth prong of *res judicata*, requiring a full and fair opportunity to litigate, has been met. Plaintiff's claims were properly considered by the district court, and the matter could have been appealed to the Court of Appeals for the Tenth Circuit Court for review.

2.    Collateral Estoppel

Moreover, Plaintiff's second claim, that Defendants have refused to allow him to open a banking account in an outside institution, clearly was addressed and decided on the merits in his previous action. Thus, it is barred from relitigation in this suit under the doctrine of collateral estoppel.

Under the law of the United States Court of Appeals for the Tenth Circuit, collateral estoppel

bars a claim if four elements are met: 1) the issue previously decided is identical with the one presented in the action in question; 2) the prior action has been finally adjudicated on the merits; 3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and 4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). The terms "issue preclusion" and "collateral estoppel" are synonymous. *Id*. n. 7. As discused above, all four factors are met in this case. Thus, Plaintiff's second claim also is barred under the collateral estoppel doctrine. Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** with prejudice as barred under the doctrines of *res judicata* and/or collateral estoppel. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  16th  day of  October         , 2015

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court